## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

FOREST GUARDIANS and CARSON
FOREST WATCH,

      Plaintiffs,

vs.                                                                No. CIV 05-0372 JB/DJS

UNITED STATES FOREST SERVICE

      Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Plaintiffs' Motion to Expedite Issuance

of Final Judgment, filed September 26, 2005 (Doc. 31); and (ii) the Plaintiffs' Motion to Shorten

Time on Defendant's Response to Plaintiffs' Motion to Expedite Issuance of Final Judgment, filed

September 26, 2005 (Doc. 32).  The Court scheduled a hearing on these two motions for December

13, 2005, but after reviewing the briefs, determined that it would be in the best interests to issue a

scheduling order on the remaining briefs.  The primary issue is whether the Court will allow the

Plaintiffs to deem their briefing on the preliminary injunction motion as their opening brief on the

merits.  Because the Court believes that it should try to resolve the merits phase this winter if at all

possible, the Court will grant the Plaintiffs' motion to expedite in part, deem their opening brief as

filed, and give the United States Forest Service until January 27, 2006 to file its response.

### PROCEDURAL BACKGROUND

The Caballos Timber Sale is one of several sales that comprise the Agua Caballos Projects

and constitutes less than 15 percent of the total Projects in terms of size.  See Federal Defendants'

Response to Plaintiffs' September 26, 2005 "Motion to Expedite Issuance of Final Judgment"

("Response") ¶ 9, at 6, filed October 6, 2005 (Doc. 34).   These sales will be awarded and implemented over the course of the next several years.  See id.

The Plaintiffs' claims against the United States Forest Service became ripe for federal judicial review as early as August 2004, when the Regional Forester rendered his decision on the Plaintiffs' administrative appeal.  See id. ¶ 8, at 5.  Nonetheless, the Plaintiffs did not file their Complaint until April 2005, see Complaint for Declaratory and Injunctive Relief, filed April 4, 2005 (Doc. 1), and did not file their motion for preliminary injunction until September 1, 2005, see Plaintiffs' Motion for Preliminary Injunction and Memorandum Brief in Support of Motion for Preliminary Injunction ("Motion for Preliminary Injunction")(Doc. 13).

As the parties stipulated in the Initial Pretrial Report, which the Court adopted:

> The litigation of this case is governed by Olenhouse v. Commodity Credit Corp., 42 F.3d 1560 (10th Cir. 1994), which holds that judicial review under the Administrative Procedure Act is governed by reference to the Federal Rules of Appellate Procedure. As such, the case will be decided upon the Administrative Record, and no discovery will be taken.

Response at 2.  In their Initial Pre-Trial Report, the parties also agreed that the United States Forest Service would have a period of 45 days after Forest Guardians submitted its opening brief to file a response brief.  See Plaintiffs' Motion to Expedite Issuance of Final Judgment ("Motion to Expedite") at 3 n.1.

The United States Forest Service contends that the Plaintiffs' preliminary injunction papers address many issues in addition to the merits of the Plaintiffs' claims and include several declarations and references that are not part of the Administrative Record.  See Response ¶ 3, at 2.  The United States Forest Service maintains that the Plaintiffs' preliminary injunction papers contain many arguments that are not directly relevant to the Court's determination of the merits.  See id.  The

Plaintiffs respond that they have not, however, submitted any extra-record materials for the Court's consideration in resolving the merits.  See Plaintiffs' Reply in Support of Motion to Expedite Issuance of Final Judgment ("Reply") at 2.  Rather, the Plaintiffs purportedly submitted such materials for the limited purpose of assisting the Court to determine the appropriate remedy.  See id.  The United States Forest Service also submitted extensive evidentiary materials on the issue of an appropriate remedy at the preliminary injunction phase, and the Plaintiffs did not object, because the submitted materials were relevant to the "balance of equities."  Id. at 3.

At pages 21 through 24 of their preliminary injunction motion, the Plaintiffs discuss the facts pertaining to the allegedly inadequate population monitoring of all potentially affected Management Indicator Species ("MISs").  See Motion for Preliminary Injunction at 21-24.  At pages 32 through 34 of their preliminary injunction motion, the Plaintiffs make their legal arguments concerning the allegedly inadequate population monitoring of all MISs.  See id. at 32-34.  By way of example, the Plaintiffs' legal argument contains the following assertions: (i) the Forest Service "has not obtained actual quantitative population data, including both baseline population data and population trend data, for the designated MISs on the Carson National Forest"; (ii) the Forest Service "has not conducted population surveys of MISs in the A/C project area"; (iii) "there is no indication anywhere in the project record that the USFS has conducted any population surveys in the project area for any of the potentially affected MISs"; (iv) "there is no indication anywhere in the project record for the A/C project that the USFS has conducted forest-level population surveys for designated MISs on the Carson National Forest generally"; and (v) "the planning record for the A/C timber sale project is rife with USFS admissions that no population trend data is available for any of the MISs that have been designated on the Carson National Forest."  Id.

The Court convened a hearing on the Plaintiffs' Motion for Preliminary Injunction on September 23, 2005. On that date, the Court heard extensive oral argument from the parties as to the pertinent factual and legal issues. During the hearing on the Motion for Preliminary Injunction, the United States Forest Service indicated that it is ready to proceed forthwith on the Caballos timber sale project. See Transcript of Preliminary Injunction Hearing at 6:14-21 (taken September 23, 2005).[1]

Forest Guardians has advised its counsel that he incorrectly referred to a "tree cutting season" on the Carson National Forest and that tree cutting activities can and do proceed through the winter in many instances. See Motion to Expedite at 3. The United States Forest Service disputes this assertion, labeling it conclusory and arguing that there is a period on the Carson National Forest when timber harvesting activities typically will cease because of winter conditions, and that this period typically extends from mid-November, and even earlier if snow comes in October, well into the Spring. See Response at 6 n.1; Transcript of Preliminary Injunction Hearing at 21:1-3 (testimony of Martin Chavez, Forest Supervisor).

At the conclusion of the September 23, 2005 hearing on the Motion for Preliminary Injunction, the Court stated that the Plaintiffs' claims present serious and substantial questions. See Transcript of Preliminary Injunction Hearing at 131:14-19. Nevertheless, the Plaintiffs did not establish that a preliminary injunction is necessary. See Order Denying the Plaintiffs' Motion for Preliminary Injunction, filed September 26, 2005 (Doc. 30)(holding that the Plaintiffs failed to meet their burden of proof on at least three of the four requirements for preliminary injunctive relief). The

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

-4-

Court denied the Plaintiffs' motion and asked the parties for proposals as to the timing of further proceedings.  <u>See</u> Transcript of Preliminary Injunction Hearing at 131:20-152:9.

Now that the Plaintiffs' counsel has had an opportunity to confer with his clients and to review pertinent rules of appellate procedure, the Plaintiffs submit that expediting the issuance of a final judgment would promote the interests of judicial economy and efficiency.  <u>See</u> Motion to Expedite at 1-2.  On September 26, 2005, the Plaintiffs' counsel conferred with the Defendant's counsel.  <u>See</u> <u>id.</u> at 2.  During their telephone conference, the Plaintiffs' counsel first proposed that the parties stipulate that the Court could consider their respective preliminary injunction briefs and arguments as merits briefs and arguments.  <u>See</u> <u>id.</u>  The Defendant's counsel rejected this proposal, stating that he felt that the United States Forest Service had not received adequate notice that the Plaintiffs intended to pursue claims relating to MISs other than the Abert's squirrel.  <u>See</u> <u>id.</u>

When the Defendant's counsel refused to stipulate that the Court could consider the preliminary injunction briefs and arguments as merits briefs and arguments, the Plaintiffs' counsel proposed that their preliminary injunction briefs "taken together" be considered an opening brief and that the United States Forest Service file an expedited response brief.  <u>See</u> <u>id.</u> at 3.  The Defendant's counsel responded that it would be inconvenient for him to file a response brief until some time after November 1, 2005.  <u>See</u> <u>id.</u> at 2.  The Defendant's counsel represented that he would be out of the office until October 17, 2005, the remainder of the week that the motion was filed, for a hearing in San Francisco, and would also be gone the following week to teach a course on federal public lands at the National Advocacy Center -- the federal government's legal education center -- in South Carolina.  <u>See</u> Response ¶ 6, at 4.  He further represented that, when he returned from South Carolina, he had little more than a week to prepare a response to a 40-page motion for preliminary

injunction in <u>Pueblo of Tesuque v. U.S. Dept. of Agriculture</u>, Civ. No. 05-0930 (D.N.M.), likely followed by a hearing sometime in early November.  <u>See</u> <u>id.</u>  In addition, on October 17, 2005, the Plaintiffs in the consolidated cases, <u>State of New Mexico v. Bureau of Land Management</u>/<u>New Mexico Wilderness Soc'y v. Rundell</u>, Civ. No. 05-460 & 558 (D.N.M.)(consolidated), were to file two opening briefs on the merits in the litigation involving New Mexico Governor Bill Richardson's challenge to federal oil and gas leasing in the Otero Mesa region.  <u>See</u> <u>id.</u>  Under the briefing schedule in those cases, the Federal Defendants were to have 45 days to prepare two briefs on the merits.  The Defendant's counsel also had another hearing scheduled in San Francisco that was to take him out of the office again from October 31 through November 2, 2005.  <u>See</u> <u>id.</u>  The Defendant's counsel represented that he also had numerous other complaints and motions to address in many other cases.  <u>See</u> <u>id.</u>

        The Plaintiffs move the Court to schedule further proceedings in this case with an eye towards expediting issuance of a final judgment.  <u>See</u> Motion to Expedite at 1.  At the time that the Plaintiffs filed their motion, they proposed that the Court enter a scheduling order that gives the United States Forest Service until and through October 3, 2005 to file a response brief on the merits and the Plaintiffs until and through October 10, 2005 to file a reply brief on the merits.  <u>See</u> <u>id.</u> at 4.  The Plaintiffs further propose that -- if the Court feels that additional oral argument is necessary -- the Court hold oral argument at the earliest possible time following the filing of the Plaintiffs' reply brief.  <u>See</u> <u>id.</u>  The United States Forest Service opposes this proposed time table for further proceedings.  <u>See</u> <u>id.</u>  The United States Forest Service argues that a briefing schedule on the merits that presents this case to the Court by January 2006 provides the Court with months to decide the case before the typical onset of the spring logging season.  <u>See</u> Response ¶ 9, at 5.

In the Plaintiffs' Motion to Shorten Time on Defendant's Response to Plaintiffs' Motion to Expedite Issuance of Final Judgment, the Plaintiffs move the Court for an order shortening the time for the United States Forest Service to respond to the Plaintiffs' Motion to Expedite Issuance of Final Judgment.  See Plaintiffs' Motion to Shorten Time on Defendant's Response to Plaintiffs' Motion to Expedite Issuance of Final Judgment ("Motion to Shorten Time") at 1.  In their motion to expedite, the Plaintiffs propose that the Court order the United States Forest Service to file a response brief in the merits phase of the case on or about October 3, 2005.  See Motion to Expedite at 4.  The Plaintiffs point out that, if the United States Forest Service were to take the full amount of time allotted to it by Local Rule 7.6 to respond to the Plaintiffs' motion to expedite, the purpose of the motion to expedite would be subverted.  See Motion to Shorten Time at 1.  The Plaintiffs submit that the Court should order the United States Forest Service to respond to the motion to expedite on or before September 28, 2005 and the Plaintiffs to file a reply brief in support of the motion to expedite, if any, on or before September 29, 2005.  See id.

## RULE 65(a)(2)

The Federal Rules of Civil Procedure allow some consolidation of preliminary injunction proceedings with merit proceedings.  Rule 65(a)(2) allows the court to "order the trial of the action on the merits to be advanced and consolidated with the hearing of the application" for preliminary injunction.  In Holly Sugar Corp. v. Goshen County Coop Beet Growers' Ass'n, 725 F.2d 564 (10th Cir. 1984), the Tenth Circuit held that consolidation of a preliminary injunction hearing with a trial on the merits is appropriate so long as the parties "be given adequate notice of the consolidation so that they may be given a full opportunity to present their evidence."  Id. at 568.

## SPECIAL TIME LIMITS FOR THE UNITED STATES

The Federal Rules of Civil Procedure afford the United States 60 days to answer a complaint. See Fed. R. Civ. P. 12(3)(A).  The United States has 60 days to file a notice of appeal from a district court decision.  See Fed. R. App. P. 4(B).

## LAW REGARDING PRELIMINARY INJUNCTIONS

The purpose of a preliminary injunction is to preserve the status quo pending the outcome of the case.  See Tri-State Generation & Transmission Ass'n v. Shoshone River Power, Inc., 805 F.2d 351, 355 (10th Cir. 1986)(citing Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975)).  On the other hand, the United States Court of Appeals for the Ninth Circuit has held that, "absent 'unusual circumstances,' an injunction is the appropriate remedy for a violation of NEPA's procedural requirements."  Thompson v. Peterson, 753 F.2d 754, 764 (9th Cir. 1985)(citations omitted).  The Ninth Circuit has also found that, in determining whether to issue permanent injunctive relief in an environmental case, the "balance of the equities," including a consideration of the "public interest," is a relevant inquiry.  Alpine Lakes Protection Soc'y v. Schlapfer, 518 F.2d 1089, 1090 (9th Cir. 1975).  See Heartwood, Inc. v. United States Forest Service, 73 F.Supp.2d 962, 977 (S.D. Ill. 1999)(finding that the "public consequences" of issuing a permanent injunction is pertinent to the court's inquiry into the appropriate remedy for violating an environmental law).  Thus, there is case law stating that, at the merits phase, the "balance of the equities" is relevant.

## ANALYSIS

The Plaintiffs have cited a valid reason to impose a briefing schedule on the United States Forest Service and on the Court.  The Plaintiffs desire to minimize the amount of tree cutting that is permitted pending a resolution of this case on the merits.  At the same time, the Plaintiffs are mindful

that a multiplication of judicial proceedings -- additional proceedings in the district court on the merits, and preliminary injunction and merits appeals in the Tenth Circuit -- is wasteful of scarce judicial resources.  To address both these concerns, the Plaintiffs request that the Court fashion a time table for further proceedings that will allow it to reach the fastest possible resolution of this case on the merits so that the Plaintiffs may pursue one appeal in the event that appellate proceedings are necessary.

The Plaintiffs' motion is intended to: (i) streamline the merits phase of the litigation; and (ii) avoid the needless multiplication of appellate proceedings.  See Motion to Expedite at 1.  The Plaintiffs argue that, particularly in a record review case like this one, where the Court has received briefing on the issues and has entertained substantial oral argument, there is no impediment to expediting final judgment.  See id. at 2.  The Plaintiffs seek an order treating their preliminary injunction papers as an opening brief on the merits and requiring the United States Forest Service to file a response brief on the merits by October 3, 2005.  See id. at 4.  Because October 3 has already passed, the Plaintiffs presumably seek to have the United States Forest Service file its response brief in some similar time frame.

The United States Forest Service contends that the Plaintiffs, having failed to establish that a preliminary injunction is necessary, seek to prejudice its defense on the merits by forcing it into an extraordinary briefing schedule on the merits.  See Response ¶ 1, at 1.  The United States Forest Service argues that, if the Plaintiffs dispute the Court's ruling on the preliminary injunction, the proper recourse is for them to appeal to the Tenth Circuit, not to prejudice the United States Forest Service and burden the Court with unreasonable requests.  See id. ¶ 1, at 1-2.  The United States Forest Service objects to converting the Plaintiffs' preliminary injunction papers to an opening brief

on the merits.  See id. ¶ 3, at 2.

### 1.   The Plaintiffs' Opening Brief.

While there does not appear to be any appellate rule that expressly allows a preliminary injunction motion to be converted into a brief on the merits, see Response ¶ 3, at 2, there also does not appear to be any bar to doing so.  Regardless what the Plaintiffs do, the United States Forest Service will have a full opportunity to present its case.

The more serious issue is whether the Plaintiffs' papers are clear about what they raise; there was some confusion at the September 2005 hearing about what is at issue.  With the exception of a few isolated sentences that the United States Forest Service contends would not suffice to present an issue on the merits to the Tenth Circuit, the Plaintiffs' arguments on their likelihood of success on the merits focus on the Abert's squirrel.  See Response ¶ 4, at 3.  In contrast, the Plaintiffs dispute the assertion that the United States Forest Service does not have adequate notice about their position on the MISs, contending that the United States Forest Service had ample notice of all their claims at the preliminary injunction phase.  See Motion to Expedite at 2.  There is certainly some evidence in the Plaintiffs' motion that their claims in the preliminary injunction proceedings were not limited to Abert's squirrel proceedings.  See Motion for Preliminary Injunction at 21-24, 32-34.

While it may be the case that, to properly proceed on the merits, the Plaintiffs would be well advised to file a true opening brief on the merits, as the Initial Pretrial Report contemplated, the Court will not require the Plaintiffs to go through that effort if they have made the professional decision that it is unnecessary.  The Plaintiffs are free to decide to run whatever risk their strategic decision may entail.  More importantly, the Plaintiffs' proposal does not prejudice the United States Forest Service in any significant way.  Accordingly, the Court will adopt the Plaintiffs' proposal.

2.    **Extra-Record Materials**.

It may be true that the Plaintiffs' extra-record materials -- and the arguments that rely on them -- are not properly before the Court on the merits.  But everyone agrees that those materials and arguments do not go to the merits.  While there may be some confusion for the United States Forest Service, the Court, and any appellate panel -- in addressing the merits of the Plaintiffs' claims based on the preliminary injunction papers -- to determine which portions of the Plaintiffs' preliminary injunction papers the United States Forest Service is supposed to address in a response brief on the merits, the Court believes that confusion will be minimal and manageable.

There is some case law outside the Tenth Circuit which suggests that, in an environmental case like this one, the Court may consider some evidence -- balance of the equities and public interest -- outside the administrative record to decide whether to grant permanent injunctive relief.  See Alpine Lakes Protection Soc'y v. Schlapfer, 518 F.2d at 1090; Heartwood Inc. v. United States Forest Service, 73 F.Supp.2d at 977.  The Plaintiffs contend that preventing the Plaintiffs from presenting evidence on the "balance of the equities" would be prejudicial error.  See Reply at 3.  The Plaintiffs argue that their memoranda in support of their motion for preliminary injunction do not, as the United States Forest Service argues, contain extraneous material that would complicate the Defendant's ability to file a response brief.  See id.  The Plaintiffs maintain that all of the arguments that they made in their preliminary injunction briefs -- as to both the law and to equity -- are also relevant at the merits phase.  See id.

The Court need not decide on these motions whether the Plaintiffs are correct that the Court can consider the extra-record materials in the remedy phase.  If the Plaintiffs are incorrect, the United Stated Forest Service is free to point out that fact in its response.  If the Court were to require the

-11-

Plaintiffs to rebrief their opening brief, there is no assurance that this issue would disappear.

> 3.      **Timing**.

The United States Forest Service also objects to any further shortening of the briefing schedule on the merits.  Having delayed filing their claims for more than a year, the Plaintiffs' argument that this case must take precedence over other important matters facing the Court and the United States Forest Service loses some force.  In any case, insofar as the Plaintiffs' Motion to Expedite Issuance of Final Judgment seeks to shorten the time for the United States Forest Service to respond to the Plaintiffs' opening brief on the merits, the Plaintiffs concede that the Motion to Expedite is moot.  See Reply at 1.  Accordingly, the Court need not consider the Plaintiffs' request that the Court shorten the Defendant's time to respond.  See id.

In light of the mooting of some of the expedited briefing issues, the Plaintiffs' Motion to Expedite requires the Court to decide only whether to adopt the Plaintiffs' proposal to consider the opening brief on the merits and when to consider the opening brief filed.  Under the Plaintiffs' proposal, their opening brief would be deemed filed when they filed their reply brief in support of their motion for preliminary injunction.  With some modification, the stipulated briefing schedule set in the Initial Pretrial Report is a fair schedule for a complex administrative record review case involving the United States.

The Initial Pretrial Report provided the United States Forest Service 45 days to produce a response brief on the merits.  The United States Forest Service contends that, because of the case's complexities and the review procedures that attend filings by the United States, anything less than 45 days' notice for the United States Forest Service to file a response brief would be prejudicial.  See Response ¶ 5, at 3.  In their motion, the Plaintiffs sought to shorten this time to less than a week.  See

id.

The other obligations facing counsel for the Unites States Forest Service through the month of November 2005 would have exacerbated the prejudice to it.  The Defendant's counsel represented that his schedule was so heavily committed through the month of November 2005 that any requirement for the Defendant to prepare and file a brief on the merits with less than 45 days' notice would impair the Defendant's ability to present its case to the Court.  See id. ¶ 6, at 4.  The United States Forest Service states that, based on its counsel's schedule and assuming the Plaintiffs file an opening brief on the merits before mid-October, the United States Forest Service would likely have been forced to seek to have the Court extend the Defendant's time to file a response brief into December 2005.  See Response ¶ 7, at 4-5.

It appears that the crunch that the Defendant's counsel faced through November is now behind him.  December and January would be good months for them to complete their response brief.  The United States Forest Service will have 45 days to respond to the Plaintiffs' Opening Brief, which was the time the parties' Initial Pre-Trial Report allotted.

While the Plaintiffs were unable to demonstrate a need for a preliminary injunction, the Court does believe it should get this case resolved during the winter if at all possible.  The Court's finding of a lack of potential irreparable injury to the environment was premised in part on the conclusion that winter was coming soon.  While the opportunity for the completion of the Agua Caballos Projects is unlikely to moot the merits, the Court should try to get this issue decided as soon as possible.

The Court's conclusion that there are substantial and difficult questions on the merits weigh in favor of ensuring that the merits are presented and considered in an orderly manner, and not in a rushed, confused manner.  It is in the interests of judicial economy and efficiency -- as well as the

-13-

public interest -- for the Court to resolve these legal questions in the most expeditious manner possible.  Thus, assuming that December 13, 2005 is considered the date of filing of the Plaintiffs' opening brief, the Defendant's response will be due on January 27, 2006 under the terms of the Initial Pre-Trial Report.  The Plaintiffs will have until February 3, 2006 to file a reply brief on the merits. Finally, the Court will deny the Plaintiffs' Motion to Shorten Time on Defendant's Response to Plaintiffs' Motion to Expedite Issuance of Final Judgment as moot.

**IT IS ORDERED** that the Plaintiffs' Motion to Expedite Issuance of Final Judgment is granted in part.  The Court deems the Plaintiffs' opening brief as already filed.  The United States Forest Service will file its response by no later than January 27, 2006.  The Plaintiffs will have until February 3, 2006 to file a reply brief on the merits.  The Court will set the hearing on the briefing as soon after February 3, 2006 as possible.   The Plaintiffs' Motion to Shorten Time on Defendant's Response to Plaintiffs' Motion to Expedite Issuance of Final Judgment is denied as moot.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Steven Sugarman
Belin & Sugarman
Santa Fe, New Mexico

*Attorney for the Plaintiffs*

Kelly Johnson
  Acting Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice
Washington, D.C.

– and –

Andrew A. Smith
  Trial Attorney
Environment & Natural Resources Division
United States Attorneys Office
Albuquerque, New Mexico

*Attorneys for the Defendant*

May Ann Joca
Office of the General Counsel
United States Department of Agriculture
Albuquerque, New Mexico

*Of Counsel for Defendant United States Forest Service*